# UNITED STATES DISTRICT COURT
# IN AND FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| GREAT BOWERY, INC. D/B/A TRUNK ARCHIVE,<br><br>                                 Plaintiff,<br><br>v.<br><br>TOPICAL SKIN LLC, and DOES 1 through 10 inclusive,<br><br>                              Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>**COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT

Plaintiff, Great Bowery, Inc. d/b/a Trunk Archive, for its Complaint against Defendants Topical Skin LLC and DOES 1 through 10, inclusive, alleges as follows:

## LOCAL CIVIL RULE 10.1 STATEMENT

1. The mailing addresses of the parties to this action are:

Great Bowery, Inc. d/b/a Trunk Archive
c/o Higbee & Associates
3110 W Cheyenne Ave. Ste. 200
N Las Vegas, NV 89032


Topical Skin LLC
17 S Franklin Tpke Ste. 2
Ramsey, NJ 07446-2536

## JURISDICTION AND VENUE

2. This Court has original subject matter jurisdiction over Plaintiff's copyright claims pursuant to 28 U.S.C. §§ 1331 (federal question) and 1338(a) (copyrights).

3. This Court has personal jurisdiction over Defendants because Defendant is incorporated in the State of New Jersey, Defendant has a physical presence in the State of New Jersey, and Defendant transacts business in the State of New Jersey.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b)-(d) and/or §1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred and/or this civil action arises under the Copyright Act of the United States, and Defendants or their agents reside or may be found in this judicial district.

## PARTIES

5. Plaintiff Great Bowery, Inc. d/b/a Trunk Archive ("Trunk Archive") is a corporation duly organized and existing under the laws of Delaware with a place of business at 433 Broadway, STE 420 New York, NY 10013.

6. Upon information and belief, Topical Skin LLC ("Topical Skin" or "Defendant") is a New Jersey limited liability company with a principal place of business at 17 S Franklin Tpke Ste. 2, Ramsey, NJ 07446-2536.

7. Plaintiff is unaware of the true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, and for that reason, sues such Defendants under such fictitious names. Plaintiff is informed and believes, and on that basis, alleges that such fictitiously named Defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by the conduct of said Defendants. Plaintiff will seek to amend the complaint when the names and capacities of such fictitiously named Defendants are ascertained. As alleged herein, "Defendant" shall mean all named Defendants and all fictitiously named Defendants.

8. For the purposes of this Complaint, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogates, representatives, and insurers of the Defendants named in this caption.

## FACTUAL ALLEGATIONS
*Plaintiff Great Bowery, Inc. d/b/a Trunk Archive and*
*Copyright Holder Florian Sommet*

9. Trunk Archive is a full-service photography licensing agency representing some of the most prominent photographers and iconic images in the world.

10. Trunk Archive's catalogue features imagery from hundreds of prominent artists and designers that are available for license.

11. One of Trunk Archive's most prominent photographers is half-French and half-German photographer Florian Sommet ("Sommet").

12. Sommet is a highly successful photographer specializing in beauty photography. His work shows youthful visions and sensitivity to textures, supported by clean, bright lighting, and colorful props.

13. Sommet licenses his work for a fee.

14. Sommet's portfolio includes international clients, and his work has been featured in top magazines and advertising such as *ELLE, VOGUE, Madame Figaro, Harper's Bazaar, Marie Claire, GQ,* and *Allure*. Additionally, his work has been used commercially by *Chanel, L'Oréal, Helena Rubinstein, Chopard*, and *Clarins*.

15. Sommet's livelihood depends on receiving compensation for the photographs he produces, and the copyright protection afforded to Sommet's work deters would-be infringers from copying and profiting from his work without permission.

16. Sommet is the sole author and rights holder to a photograph of a female model with her head turned to the right, with three skincare devices held up to her profile ("Skincare Photograph").

17. Attached hereto as Exhibit A is a true and correct copy of the Skincare Photograph.

4
COMPLAINT

18. Sommet registered the Skincare Photograph with the United States Copyright Office under Registration Number VA 2-228-838 with an Effective Date of Registration of October 19, 2020.

19. Attached hereto as Exhibit B is a true and correct copy of the Registration Certificate VA 2-228-838.

20. Sommet subsequently granted Trunk Archive the exclusive right to license the Skincare Photograph, which includes the exclusive right to distribute, display, and reproduce the Skincare Photograph.

*Defendant Topical Skin LLC*

21. Upon information and belief, Topical Skin is a skincare brand that produces and sells its own skincare products. *See generally https://topicalskin.com/.*

22. Upon information and belief, Topical Skin manages, operates, and controls the website topicalskin.com ("Defendants Website").

23. Upon information and belief, Topical Skin manages, operates, and controls an Instagram account by the username of @topicalskin.us www.instagram.com/topicalskin.us ("Defendant's Instagram Account").

24. Upon information and belief, Topical Skin manages, operates, and controls a Facebook Page by the name of 'Topical Skin' www.facebook.com/topicalskin.us ("Defendant's Facebook Account").

25. Defendant's Instagram Account and Defendant's Facebook Account

shall be referred to jointly as "Defendant's Social Media Accounts."

26. On information and belief, Defendant's Website and Defendant's Social Media Accounts generate content in order to promote Defendant's products and retail offerings, attract new customers, and generate profit and revenue for the company and its owner(s).

27. On or about August 12, 2024, Sommet discovered his Skincare Photograph copied and published on Defendant's Website on the homepage, alongside a paragraph reading "The Topical Skin product line is expertly crafted to fortify and revive your skin while bolstering its protective barrier. With clinically proven peptides and antioxidants, our formulations blend cutting-edge synthetic actives with natural ingredients to deliver unprecedented results. Free of parabens, sulfates, and known skin irritants, our products are environmentally conscious" ("Website Infringement").

28. Attached hereto as Exhibit C is a true and correct screenshot of the Website Infringement.

29. On or about August 12, 2024, Sommet discovered his Skincare Photograph copied and published on Defendant's Instagram Account in a post promoting a recent magazine feature, with a caption stating, "We're thrilled to be featured in the @BeautyBriefHQ and love to hear that the beauty editors @honeyb.hq and @shiri_feldman are 'loving the blend of both science and nature

taking place within the Topical Skin brand ethos.' Our clean, curated cosmeceuticals are transforming skincare routines everywhere. From our Age-Defying Peptide Serum, Rejuvenating Moisturizer to the Hydrating Facial Cleanser, embrace the natural glow of professional-grade products designed to rejuvenate and hydrate your skin . . ." ("Instagram Infringement").

30. Attached hereto as Exhibit D is a true and correct screenshot of the Instagram Infringement.

31. On or about August 12, 2024, Sommet discovered his Skincare Photograph copied and published on Defendant's Facebook Account, in a post promoting a recent magazine feature, with a caption stating, "We're thrilled to be featured in the @BeautyBriefHQ and love to hear that the beauty editors @honeyb.hq and @shiri_feldman are 'loving the blend of both science and nature taking place within the Topical Skin brand ethos.' Our clean, curated cosmeceuticals are transforming skincare routines everywhere. From our Age-Defying Peptide Serum, Rejuvenating Moisturizer to the Hydrating Facial Cleanser, embrace the natural glow of professional-grade products designed to rejuvenate and hydrate your skin . . ." ("Facebook Infringement").

32. Attached hereto as Exhibit E is a true and correct screenshot of the Facebook Infringement.

33. The Skincare Photograph was included twice in the Facebook

Infringement. *See* Exhibit E.

34. The Website Infringement, the Instagram Infringement, and the Facebook Infringement shall be jointly referred to as the "Infringing Uses."

35. Soon after discovering the Infringing Uses, Trunk Archive, through counsel, reached out to Defendant to have the Skincare Photograph removed and to attempt to resolve this matter without court intervention, but the parties were unable to come to an agreement.

36. Trunk Archive has never at any point given Topical Skin a license or other permission to display, copy, distribute or otherwise use the Skincare Photograph in the Infringing Uses on Defendant's Website, Defendant's Social Media Accounts, or on any other website or platform.

37. Topical Skin (including its employees, agents, contractors, or others over whom it has responsibility and control) copied and uploaded the Skincare Photograph to Defendant's Website and Defendant's Social Media Accounts without Trunk Archive's consent.

38. On information and belief, Defendant's use of the Skincare Photograph was deliberate and willful because it knew or should have known that it did not purchase a license to use the Skincare Photograph on Defendant's Website, Defendant's Social Media Accounts, or in any other way.

## CAUSE OF ACTION
## COPYRIGHT INFRINGEMENT
### 17 U.S.C. § 101 *et seq*

39. Plaintiff incorporates by reference all the above paragraphs of this Complaint as though fully stated herein.

40. Plaintiff did not consent to, authorize, permit, or allow in any manner the said use of the unique and original Skincare Photograph.

41. Plaintiff is informed and believes and thereon alleges that the Defendant willfully infringed upon the copyrighted Skincare Photograph in violation of Title 17 of the U.S. Code, in that they used, published, communicated, publicized, and otherwise held out to the public for commercial benefit, the original and unique Skincare Photograph without Plaintiff's consent or authority, by using it on Defendant's Website and Defendant's Social Media Accounts in the Infringing Uses.

42. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to any actual damages pursuant to 17 U.S.C. §504(b), or statutory damages pursuant to 17 U.S.C. § 504(c).

43. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C § 505 from Defendant.

44. Plaintiff is also entitled to injunctive relief to prevent or restrain

infringement of his copyright pursuant to 17 U.S.C. § 502.

45.  Defendant(s), including its employees, agents, contractors, or others over whom it has responsibility and control copied and uploaded the Skincare Photograph to Defendant's Website and Defendant's Social Media Accounts without Trunk Archive's consent or authorization.

46.  Topical Skin (including his employees, agents, contractors or others over whom it has responsibility and control) willfully uploaded the Skincare Photograph onto Defendant's Website and Defendant's Social Media Accounts because Topical Skin knew it did not have permission to use the Skincare Photograph.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

- For a finding that Defendant infringed Plaintiff's copyright interest in the Skincare Photograph by copying, displaying, and distributing it without a license or consent;

- For an award of actual damages and disgorgement of all of profits attributable to the infringement as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant pursuant to 17 U.S.C. § 504(c), whichever is larger;

- For an injunction preventing Defendant from further infringement of all copyrighted works of the Plaintiff pursuant to 17 U.S.C. § 502;

- For costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

- For pre-judgment interest as permitted by law; and

- For any other relief the Court deems just and proper.

Dated: August 29, 2025                                Respectfully submitted,

**/s/ Melissa A. Higbee**
Melissa A. Higbee, Esq.
NJ Bar No. 030812012
**HIGBEE & ASSOCIATES**
3110 W Cheyenne Ave. Ste. 200
N Las Vegas, NV 89032
(813) 710-3013
(714) 597-6559 facsimile
*Counsel for Plaintiff*

## **DEMAND FOR JURY TRIAL**

Plaintiff, Great Bowery, Inc. d/b/a Trunk Archive, hereby demands a trial by jury in the above matter.

Dated: August 29, 2025                                       Respectfully submitted,

**/s/ Melissa A. Higbee**
Melissa A. Higbee, Esq.
NJ Bar No. 030812012
**HIGBEE & ASSOCIATES**
3110 W Cheyenne Ave. Ste. 200
N Las Vegas, NV 89032
(813) 710-3013
(714) 597-6559 facsimile
*Counsel for Plaintiff*